IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRIAN P. SHEBELSKE,

                                                                                                           ORDER

                       Plaintiff,

                                                                                   15-cv-072-bbc

    v.

SETH WISKOW, CARRY PELLOWSKE,
PRACTIONER THAO and RN THOMAS RALPH,

                     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this civil action, plaintiff Brian P. Shebelske, a prisoner at the Oshkosh Correctional Institution, contends that when he was a pretrial detainee at the Marathon County jail, staff members delayed diagnosing and treating his severe anemia and B-12 deficiency, resulting in permanent neuropathy, which other staff members failed to treat. Plaintiff has now filed a motion for entry of default as to defendants Thomas Ralph and Thao for failing to answer his amended complaint. Dkt. #20. Since the filing of plaintiff's motion, both defendants have filed their answers within their deadlines for doing so. Dkt. ##29, 31. Defendant Ralph was served on July 9, 2015 and answered plaintiff's complaint on July 28, two days before his July 30, 2015 deadline. Defendant Thao was served on July 30, 2015 and answered plaintiff's complaint on August 5, 2015, 15 days before her August 20, 2015 deadline. Accordingly, I am denying plaintiff's motion.

      Plaintiff also asks for assistance in recruiting counsel. Dkt. #17. Before deciding

whether to provide plaintiff with assistance in seeking counsel, I must find that he has made reasonable efforts to find a lawyer on his own and been unsuccessful or that he has been prevented from making such efforts. Jackson v. County of McLean, 953 F.2d 1070 (7 Cir. 1992). Plaintiff has sworn that he solicited help from at least four lawyers, all of whom have declined to represent him in this matter. Two lawyers wrote letters in response, which he submitted as exhibits to his motion. For the other two lawyers, plaintiff attached only the copies of the letters he sent. He does not say whether they responded. In any event, I am persuaded that plaintiff has made sufficient efforts to recruit counsel on his own.

Next, I must consider both the complexity of the case and the pro se plaintiff's ability to litigate it himself. Pruitt v. Mote, 503F.3d 647,654-55 (7th Cir. 2007). Plaintiff's claims concerns a medical care case in which he alleges to have suffered permanent injury as a result of the deliberate indifference and negligence of jail staff members. It appears likely that his claims will require expert testimony. Accordingly, I find that plaintiff is entitled to assistance in recruiting counsel.

A lawyer accepting appointments in cases such as this takes on the representation with no guarantee of compensation for his or her work. Plaintiff should be aware that in any case in which a party is represented by a lawyer, the court communicates only with counsel. Thus, once counsel is appointed, the court will no longer communicate with plaintiff directly about matters pertaining to this case. Plaintiff will be expected to communicate directly with his lawyer about any concerns and allow his lawyer to exercise his or her professional judgment to determine which matters are appropriate to bring to the court's attention and

what motions and other documents are appropriate to file. Plaintiff will not have the right to require counsel to raise frivolous arguments or to follow his directives. He should be prepared to accept his lawyer's strategic decisions even if he disagrees with some of them, and he should understand that it is unlikely that this court will appoint another lawyer to represent him should plaintiff choose not to work cooperatively with the first appointed lawyer.

## ORDER

IT IS ORDERED that

1. Plaintiff Brian Shebelske's motion for assistance in recruiting counsel, dkt. #17, is GRANTED.

2. Plaintiff's motion for a default judgment, dkt. #20, is DENIED.

3. The schedule as set forth in the pretrial conference order, dkt. #36, is STRICKEN and proceedings are STAYED pending recruitment of counsel for plaintiff. If I find counsel willing to represent plaintiff, I will advise the parties of that fact. Soon thereafter, a status conference will be held to establish a new schedule for resolution of the case.

Entered this 9th day of September, 2015.

BY THE COURT:
/s/

_____
BARBARA B. CRABB
District Judge